**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 97-10383**

---

**E. TROY HAWKINS,**

**Plaintiff - Appellant,**

**VERSUS**

**NATIONAL ASSOCIATION OF SECURITIES DEALERS INC, ET AL,**

**Defendants,**

**NATIONAL ASSOCIATION OF SECURITIES DEALERS INC,**

**Defendant - Appellee.**

---

**Appeal from the United States District Court**
**For the Northern District of Texas**
**(3:96-CV-3219)**

June 23, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit
Judges.

PER CURIAM:[*]

Troy Hawkins appeals from the district court's denial of his
motion to remand this lawsuit to state court. He also appeals the

---

[*] Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

lower court's subsequent dismissal of his lawsuit for failure to state a claim.  We affirm.


# I

This appeal arises from Hawkins's dispute with his former employer, Prudential Securities, Inc., and five of Prudential's employees (collectively, the PSI Defendants).  Hawkins sued the PSI Defendants in state court, alleging claims of libel and slander.  Based on an arbitration agreement between Hawkins and Prudential, however, the Supreme Court of Texas concluded that Hawkins's claims had to be sent to arbitration.  *See* ***Prudential Sec. Inc. v. Marshall***, 909 S.W.2d 896 (Tex. 1995) (orig. proceeding) (per curiam).

Pursuant to the arbitration agreement, Hawkins's claims were arbitrated in a forum provided by the National Association of Securities Dealers.  After nine days of proceedings the arbitration panel handed down an "award," which provided:

> (1) That [Hawkins's] Statement of Claim is hereby dismissed in its entirety without prejudice.
>
> (2) That each party shall be responsible for his or her own Attorney's Fees incurred as a result of legal representation in this case;
>
> (3) That all relief requested in this cause and not expressly granted is hereby denied[.]

At the parties' request, the arbitration panel issued an Order of Clarification in which the panel stated that it "intended to render a full and final resolution of all matters in controversy" and that it "intended to dismiss the Claim in its entirety with prejudice."

Hawkins then proceeded to institute a new action in Texas state court, realleging his original claims against the PSI Defendants. This new lawsuit also named the NASD as a defendant, alleging that the NASD was biased against him, failed to properly administer the arbitration proceeding, and conspired with Prudential to harm him and deprive him of a fair arbitration.

The NASD removed the case to the United States District Court for the Northern District of Texas based on "original federal question jurisdiction under the provisions of 28 U.S.C. § 1331 and 15 U.S.C. § 78aa." It then moved to dismiss the case. Hawkins moved to remand the case to state court based on the district court's alleged lack of subject-matter jurisdiction. After receiving argument on these motions, the district court denied the motion to remand, granted the NASD's motion to dismiss the claims against it, and then remanded the remainder of the action between Hawkins and the PSI Defendants. Hawkins timely appealed.

**II**

As an initial matter, we note that there is no inconsistency in the district court's action of denying remand and then dismissing Hawkins's claims against the NASD.

> Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946) (citing *Swafford v. Templeton*, 185 U.S. 487, 493, 494, 22 S. Ct. 783, 785, 786 (1902) and *Binderup v. Pathe Exch., Inc.*, 263 U.S. 291, 305-08, 44 S. Ct. 96, 98-99 (1923)); *cf. Steel Co. v. Citizens for a Better Env't*, 118 S. Ct. 1003, 1013 (1998) (a federal court must resolve an issue of subject-matter jurisdiction before considering the merits of the lawsuit).

## III

Turning to the question of subject-matter jurisdiction, the district court did not err by denying Hawkins's motion to remand the action to state court. Congress has granted broad subject-matter jurisdiction in the arena of securities regulation. The

-4-

statute provides: "The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."  15 U.S.C. § 78aa.

All of Hawkins's allegations against the NASD may be categorized as an attempt to "enforce any liability or duty" created by relevant federal securities laws and regulations.  To the extent that Hawkins claims that the NASD breached duties it owed to Hawkins in its role as arbitrator, those duties arise from the NASD Code of Arbitration Procedure, which is a body of rules approved by the Securities and Exchange Commission and promulgated under 15 U.S.C. § 78s.  To the extent that Hawkins claims that the NASD conspired with Prudential to deny relief to Hawkins, or that the NASD failed to adequately supervise Prudential, he has alleged violations of 15 U.S.C. § 78o-3, the statute which allows the registration of the NASD as a self-regulating securities exchange, and 15 U.S.C. § 78s(g), which requires the NASD to enforce compliance with applicable securities statutes, rules, and regulations.  In short, all of Hawkins's claims against the NASD, though carefully articulated in terms of state law, are actions at law seeking to enforce liabilities or duties created by federal

securities laws which are governed exclusively by federal courts pursuant to 15 U.S.C. § 78aa.

Because there is subject-matter jurisdiction over Hawkins's claims against the NASD, the district court did not err by denying the motion to remand.

**IV**

The district court was also correct to dismiss the claims against the NASD. The NASD enjoys arbitral immunity from civil liability for the acts of its arbitrators in the course of conducting contractually agreed-upon arbitration proceedings. *See* *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1208-11 (6th Cir. 1982); *cf.* *Austin Mun. Sec., Inc. v. National Ass'n of Sec. Dealers, Inc.*, 757 F.2d 676, 686-93 (5th Cir. 1985) (NASD disciplinary officers enjoy official immunity). Because the NASD is immune from civil liability arising from its actions taken in the course of conducting arbitration proceedings, Hawkins has failed to state a claim against the NASD. The district court was correct to dismiss the counts against the NASD.

**V**

For the aforementioned reasons, we affirm the judgment of the district court.