In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1423

Robert L. Caudle,

Plaintiff-Appellant,

v.

American Arbitration Association,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99-4108-JPG--J. Phil Gilbert, Judge.

Argued September 29, 2000--Decided October 17, 2000

Before Easterbrook, Ripple, and Evans, Circuit
Judges.

Easterbrook, Circuit Judge.  When Robert Caudle
became a distributor of Sears products in 1989 he
agreed to arbitrate (under the auspices of the
American Arbitration Association) any
disagreements arising out of that arrangement.
After Sears terminated the distributorship,
however, Caudle decided that he prefers
litigation to arbitration--indeed, that he
prefers lots of litigation.

Sears reorganized its distribution system in
1992, cutting out catalog centers that had been
operated by independent businesses, including
Caudle. Instead of initiating arbitration under
the contract, Caudle filed a suit seeking to
represent a class of all similar dealers. He
thought that by pursuing relief for a class he
could avoid arbitration, because the AAA does not
conduct class-wide arbitrations. But the state
courts held that Caudle's excuse for avoiding his
promise to arbitrate--a claim that Sears had made
oral promises in addition to the written
contract--was unavailing. Caudle v. Sears,
Roebuck & Co., 245 Ill. App. 3d 959, 614 N.E.2d
1312 (5th Dist. 1993). A procedural device
aggregating multiple persons' claims in
litigation does not entitle anyone to be in
litigation; a contract promising to arbitrate the
dispute removes the person from those eligible to

represent a class of litigants. Next in line was a suit--also in state court, because both Caudle and Sears are citizens of Illinois--seeking a declaration that the arbitration clause in the contract is unenforceable. Once again Caudle lost. Caudle v. Sears, Roebuck & Co., 281 Ill. App. 3d 1151, 701 N.E.2d 844 (5th Dist. 1996) (unpublished order). After the Supreme Court denied his petition for certiorari, 520 U.S. 1143 (1997), Caudle finally initiated arbitration--but he did not pursue it. The AAA concluded that its procedures call for disputes of this kind to be heard by panels of three arbitrators, and it directed both Caudle and Sears to prepay fees $5,800 on top of the $3,400 assessed for a one-arbitrator proceeding. Sears complied; Caudle did not. He balked at paying more than $3,400; the AAA responded by informing Caudle that, if he did not pay in full, the proceedings would be closed. Caudle did not pay, and after the deadline had passed he filed this, his third lawsuit--and he filed it in federal court against the AAA, contending it broke a contract (one formed by Caudle's tender of $3,400) requiring it to provide arbitration services at a reasonable price.

Relying on Hawkins v. National Association of Securities Dealers Inc., 149 F.3d 330 (5th Cir. 1998); Olson v. National Association of Securities Dealers, 85 F.3d 381 (8th Cir. 1996), and many equivalent decisions from other courts, the district judge held that arbitrators (and sponsoring organizations such as the AAA) possess immunity from suit. Just as a litigant files an appeal, rather than suing the judge or the court of which the judge is a member, if he does not like decisions by the trial court (including calculations of filing fees and costs), so a party to arbitration should sue to enforce or set aside the award, naming as the adverse litigants the other parties to the original contract. (Applications for mandamus, to which district judges were nominal parties before the 1996 amendment to Fed. R. App. P. 21(a), are a form of appellate proceeding within a suit involving the real adversaries.) Like judges, arbitrators "have no interest in the outcome of the dispute between [the parties to the contract], and they should not be compelled to become parties to that dispute." Tamari v. Conrad, 552 F.2d 778, 781 (7th Cir. 1977). It is not clear whether this principle is properly understood as an "immunity" rather than a conclusion that arbitrators and organizing bodies are not the real parties in interest. See Fed. R. Civ. P. 17(a). Suppose Caudle had paid the full $9,200 the AAA specified, and the Association had pocketed the money without arbitrating the dispute; it is unlikely that the AAA could claim "immunity" in

response to a demand for a refund (or an order to furnish the arbitration service for which it had been paid). Caudle contends that his grievance--that he paid $3,400 yet has not received an arbitration--is like this hypothetical and thus outside the scope of arbitral immunity. We need not decide whether that is so, because there is a more fundamental question, one the district judge did not mention: What is this case doing in federal court?

As Caudle sees matters, the federal-question jurisdiction, 28 U.S.C. sec.1331, applies because he wants to compel the AAA to arbitrate his dispute under 9 U.S.C. sec.4. But sec.4 is neither a grant of jurisdiction nor the source of an independent claim arising under federal law. "Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction". Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25 n.32 (1983); see also, e.g., We Care Hair Development, Inc. v. Engen, 180 F.3d 838, 841 (7th Cir. 1999). If Caudle's dispute is with the AAA, as he insists, rather than Sears, then the parties are of diverse citizenship (the AAA is a nonprofit corporation with both its headquarters and its place of incorporation in New York; see CCC Information Services Inc. v. American Salvage Pool Association, No. 99-3393 (7th Cir. Sept. 22, 2000)). But the amount in controversy between Caudle and the AAA is well short of $75,000. If Caudle ponied up the $5,800, or the AAA changed its mind about the appropriate number of arbitrators and settled for the $3,400 Caudle has paid, then his dispute with the AAA would be at an end. The maximum judgment in this suit cannot exceed an order to arbitrate without insisting on the remaining $5,800, and this order would not be worth more than $5,800 from either side's perspective. Cf. In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 610 (7th Cir. 1997); McCarty v. Amoco Pipeline Co., 595 F.2d 389 (7th Cir. 1979).

To see this, suppose Michael Jordan left his Ferrari in a garage, which would not return the car until he paid $10 for two hours' parking. Could Jordan get review in federal court of his contention that $10 is an "unreasonably high fee" for such a short stay by alleging that the value of the detained car exceeds $75,000? Surely not; the real controversy concerns the difference (if any) between $10 and the proper fee for two hours' parking. By paying $10 Jordan could have his car immediately while continuing his quest

for a refund. Caudle likewise could pay, arbitrate, and demand some of the money back later (and if, as Caudle insists, he cannot cover the expense up front, he could borrow it from his lawyer, as is customary in contingent-fee litigation). In many commercial disputes damages are set by the price of cover: if the seller fails to deliver a shipment of steel for which the contract price is $1 million, the damages are limited to the difference between $1 million and the price (say, $1,050,000) at which the buyer could have obtained the product from another seller. The amount in controversy in such a case is $50,000, not $1 million. See Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955 (7th Cir. 1998). Similarly, the amount in controversy here is $5,800, not the amount Sears may owe Caudle (if Caudle ultimately prevails).

What Caudle wants to do is combine the stakes of his dispute with Sears (which exceed $75,000) with the citizenship of the AAA in order to come within 28 U.S.C. sec.1332. That won't work, however; the stakes must be the amount in dispute between the litigants. Many a suit entails a claim that arbitration is too expensive or otherwise inappropriate, and that a clause requiring arbitration therefore should not be enforced. Then the main issue would be the location of the dispute resolution (court versus arbitrator), the stakes would be those of the underlying dispute, see Doctor's Associates, Inc. v. Hamilton, 150 F.3d 157, 160-61 (2d Cir. 1998), and the litigants would be the parties to the contract calling for arbitration. It is easy to see, however, why Caudle has not pursued that kind of claim: he already litigated it against Sears in state court, and he lost. Sears could use principles of preclusion to block any further effort to get out of the promise to arbitrate. That is why Caudle sued the AAA instead. But to do this he must leave behind his dispute with Sears and focus on his dispute with the AAA, which concerns the fee it seeks to collect. This $6,000 dispute cannot be resolved under the diversity jurisdiction.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.