United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-30061
Summary Calendar

_____

JOHN HUDSON,

Plaintiff-Appellant,

versus

AMERICAN ARBITRATION ASSOCIATION,
INC.; BORG-WARNER PROTECTIVE SERVICES
CORPORATION; BURNS INTERNATIONAL
SECURITY SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Middle District of Louisiana
(USDC No. 03-CV-150-C)
_____


Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff John Hudson submitted his wrongful termination and defamation claims to arbitration under an agreement with his employer Borg-Warner Protective Services. The arbitrator returned a decision on April 12, 2002. Plaintiff appealed that decision on February 26, 2003. The district court dismissed his claims under FED. R. CIV. P. 12(b)(6). We affirm the district court's dismissal as the relevant statute of limitations provides only three months to appeal from arbitration orders. 9 U.S.C. § 12. As Hudson was appealing an arbitration order rather than a district court order, the district court properly applied § 12 rather than FED. R. CIV. P. 60(b).

Any equal protection claims against the district court are barred by judicial immunity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Any equal protection claims or claims of misdeeds by the American Arbitration Association are barred by arbitral immunity. Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc., 149 F.3d 330, 332 (5th Cir. 1998). AFFIRMED.