United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31059
Summary Calendar

EDWARD SMITH,

Plaintiff-Appellant,

versus

AMERICAN ARBITRATION ASSOCIATION INC.; ET AL.,

Defendants,

AMERICAN ARBITRATION ASSOCIATION, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-284
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edward Smith ("Smith") appeals from the district court's

denial of his motion for relief from judgment in which he

challenged the district court's dismissal of his claim against

the American Arbitration Association ("AAA") on the basis of

arbitral immunity. Smith has filed a motion for leave to proceed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in forma pauperis ("IFP") on appeal following the district court's denial of IFP status.

A movant for leave to proceed IFP on appeal must show that he is a pauper and the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3). Smith asserts that the AAA is not immune from civil liability because the arbitrator engaged in "non judicial action" regarding his motion for contempt. Smith cites to Mireles v. Waco, 502 U.S. 9 (1991) in support of his argument.

As the district court determined, Smith's reliance on Mireles is misplaced. Mireles supports the district court's determination that the arbitrator's actions in the instant case, relating to the disposition of Smith's motion for contempt, was an action taking in the arbitrator's quasi-judicial capacity in the administration of the arbitration proceedings. See Mireles, 502 U.S. at 12. As such, the claim against the AAA is barred by arbitral immunity. See Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc., 149 F.3d 330, 332 (5th Cir. 1998). Thus, the district court did not abuse its discretion in denying Smith's motion for relief from judgment. See Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992).

Smith has failed to show that he will raise any nonfrivolous issues for appeal. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2.

Smith is WARNED that he may be subject to sanctions if he makes any further frivolous filings.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.