13 A.3d 390 (2011)
418 N.J. Super. 246
ALLSTATE NEW JERSEY INSURANCE COMPANY, Plaintiff-Respondent,
v.
NEUROLOGY PAIN ASSOCIATES a/s/o Marianne Tubelis, Defendant-Respondent.
National Arbitration Forum, Appellant.
No. A-3104-09T2
Superior Court of New Jersey, Appellate Division.
Argued November 30, 2010.
Decided January 31, 2011.
*392 Arthur J. Timins, Roseland, argued the cause for appellant (Shiriak & Timins, attorneys; Mr. Timins, on the brief).
Nicholas Kierniesky, Cherry Hill, argued the cause for respondent Allstate New Jersey Insurance Company (Marshall, Dennehey, Warner, Coleman & Goggin, attorneys; Mr. Kierniesky, on the brief).
Before Judges SKILLMAN, PARRILLO and ESPINOSA.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The Automobile Insurance Cost Reduction Act (AICRA), enacted in 1998, L. 1998, c. 21, substantially revised the prior system for arbitration of disputes concerning the payment of personal injury protection (PIP) benefits under the Automobile Reparation Reform Act (No Fault Act), N.J.S.A. 39:6A-1 to -35. AICRA added a new section, N.J.S.A. 39:6A-5.1(b), which requires the Commissioner of Banking and Insurance to designate an organization for the purpose of administering dispute resolution proceedings regarding PIP benefits and to adopt rules and regulations for the conduct of those dispute resolution proceedings. In accordance with this statutory directive, the Commissioner designated appellant, the National Arbitration Forum (NAF), as the organization responsible for administering PIP dispute resolution proceedings and adopted rules and regulations the NAF is required to follow in conducting such proceedings.
The primary issue presented by this appeal is whether those rules and regulations authorize an appeal to the courts from an interlocutory order or other interim action by the NAF relating to a dispute resolution proceeding. We conclude that the rules and regulations governing PIP dispute resolution proceedings do not authorize judicial review of an interlocutory order or other interim action taken by the NAF during an ongoing proceeding relating to the payment of PIP benefits. Therefore, we reverse an order of the Chancery Division that directed the NAF to refer the issue of the timeliness of submission of a brief a NAF administrator had accepted as timely to a panel of NAF arbitrators and also established detailed procedures and schedules the NAF is required to follow in a pending PIP dispute resolution proceeding.

I.
Marianne Tubelis was insured under an automobile liability policy issued by plaintiff Allstate New Jersey Insurance Company (Allstate). Tubelis suffered injuries in an automobile accident, for which she received medical care from defendant Neurology Pain Associates (Neurology). Tubelis subsequently assigned her claim for PIP benefits under the Allstate policy to Neurology. After a dispute arose between Allstate and Neurology regarding those benefits, Neurology filed a demand for arbitration before the NAF.
The NAF appointed an arbitrator to hear the dispute, who ruled in favor of Allstate. Neurology filed a request for an internal appeal of the arbitrator's award to a three-person panel of dispute resolution professionals (DRP), as provided by a NAF rule. Such an appeal is decided based solely on documentary submissions and legal argument. The NAF rules establish deadlines for filing these papers.
In accordance with those rules, the NAF set a deadline of August 14, 2009 for the submission of Allstate's response to Neurology's appeal. After Allstate filed its response on August 14, 2009, Neurology *393 submitted a reply to that response on August 16, 2009. Allstate objected to the submission of Neurology's reply by a faxed letter dated August 18, 2009, which argued that Neurology's submission made "numerous assertions relative to issues that were never raised below and should not be raised for the first time in a reply brief." The NAF case coordinator for the appeal decided in a letter dated August 19, 2009 that Neurology's August 16, 2009 reply brief had been timely, and therefore would be sent to the DRP panel, but that Allstate's August 18, 2009 objection to the reply was untimely and therefore would not be sent to the panel.
After a further exchange of correspondence that resulted in the NAF case coordinator adhering to his position regarding the timeliness of the parties' submissions, Allstate filed this action in the Chancery Division challenging the case coordinator's decision. Allstate sought a court order precluding the submission of Neurology's reply brief to the DRP panel. Allstate's complaint named only Neurology as a defendant, without joining the NAF as a party. The case was brought before the trial court by an order to show cause.
Before the return date, the NAF filed a motion to intervene. The NAF's supporting papers asserted, among other things, that the court lacked jurisdiction to review the NAF case coordinator's decision regarding the timeliness of Neurology's reply brief and that Allstate's Chancery Division action was improperly seeking "to interject the [c]ourt into the system and procedures for the ongoing administration of PIP arbitrations."
The trial court denied the NAF's motion to intervene. The court also granted Allstate relief from the NAF case coordinator's decision regarding the timeliness of the parties' August 16 and 18, 2009 submissions relating to Neurology's appeal of the arbitrator's award, concluding that this decision had resulted in a "manifest denial of justice." Based on this conclusion, the court precluded the case coordinator from sending Neurology's August 16th reply brief to the DRP panel.
The NAF filed a motion for reconsideration of the trial court's denial of its motion to intervene and the court's order barring the NAF case coordinator from sending Neurology's reply brief to the DRP panel. The court denied this motion, reaffirming its denial of the NAF's motion to intervene and rejection of the NAF's argument that the court lacked jurisdiction to review the NAF case coordinator's decision regarding the timeliness of the parties' August 16th and 18th submissions.
Neurology subsequently filed its own motion for reconsideration of the part of the trial court's order that precluded the NAF case coordinator from sending its reply brief to the DRP panel. The trial court granted this motion in part, vacating its prior order precluding the case coordinator from sending Neurology's reply brief to the DRP panel and instead directing that the decision whether to consider that brief should be made by the DRP panel. The court entered an order memorializing this ruling on February 9, 2010, which contained extremely detailed directions to the DRP panel concerning its consideration of Neurology's reply brief and also authorized Allstate to file a new response to that brief within twenty-one days.
A question was apparently raised as to whether this order was final and therefore appealable as of right. Consequently, the NAF filed a motion for a certification of finality under Rule 4:42-2 of the order denying reconsideration of its motion to *394 intervene, which the trial court granted.[1] NAF has appealed from the order denying its motion to intervene and the February 9, 2010 order, which overruled and superseded the NAF case coordinator's decision regarding the timeliness of the August 16 and 18, 2009 submissions
Allstate filed a motion to dismiss the appeal on the ground that a section of the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30, bars appellate review of the orders entered in this case. We reserved decision on the motion pending consideration of the merits of the appeal.
We conclude that the NAF has standing to pursue this appeal and therefore deny Allstate's motion to dismiss. We also conclude that the trial court erred in denying the NAF's motion to intervene and that the court lacked jurisdiction to review the NAF case coordinator's decision regarding the timeliness of Neurology's August 16th reply brief and Allstate's August 18th opposition to that brief.

II.
We first consider Allstate's reserved motion to dismiss the appeal for lack of jurisdiction. This motion is based upon a section of the APDRA, which provides that "[t]here shall be no further appeal or review" of a judgment memorializing "an order confirming, modifying or correcting an [arbitration] award[.]" N.J.S.A. 2A:23A-18(b).
Initially, we note that even if a judgment falls within N.J.S.A. 2A:23A-18(b), "there may be ... limited circumstances where public policy would require appellate court review." Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 152, 712 A.2d 180 (1998). However, there is no need to explore such public policy considerations in this case because N.J.S.A. 2A:23A-18(b) clearly does not apply to the orders from which this appeal has been taken. None of those orders "confirm[], modify[], or correct[] an [arbitration] award." N.J.S.A. 2A:23A-18(b). Instead, they are all orders relating to the timeliness of the submission of papers in an ongoing proceeding before a DRP panel and the conduct of further proceedings before that tribunal. Therefore, N.J.S.A. 2A:23A-18(b) does not preclude appellate review, and we deny Allstate's motion to dismiss. See Liberty Mut. Ins. Co. v. Garden State Surgical Ctr., L.L.C., 413 N.J.Super. 513, 520-21, 996 A.2d 1045 (App.Div.2010).

III.
We next consider the NAF's appeal from the trial court's denial of its motion to intervene.
This motion was brought under Rule 4:33-1, authorizing intervention as of right, which provides:
Upon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
This rule, which tracks Fed. R. Civil P. 24(a) verbatim, requires the moving party "to show an interest in the subject matter of the litigation, an inability to protect that interest without intervention, lack of adequate representation of that interest, and timeliness of the application." Pressler & *395 Verniero, Current N.J. Court Rules, comment 1 on R. 4:33-1 (2011).
Rule 4:33-1 is construed "liberally." Meehan v. K.D. Partners, L.P., 317 N.J.Super. 563, 568, 722 A.2d 938 (App. Div.1998). Consistent with this liberal construction, our courts take a practical approach in determining whether a moving party has a cognizable interest in litigation that it is entitled to protect by intervention. See American Civil Liberties Union of N.J. v. County of Hudson, 352 N.J.Super. 44, 67-69, 799 A.2d 629 (App.Div.), certif. denied, 174 N.J. 190, 803 A.2d 1162 (2002); see also Nuesse v. Camp, 385 F.2d 694, 700 (D.C.Cir.1967) (interpreting the "interest" requirement of Fed. R. Civ. P. 24(a), which has the same wording as Rule 4:33-1, as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process"). See generally Wright, Miller & Kane, Federal Practice and Procedure, § 1908.1 at 300-09, 332-40 (3d ed.2007).
The NAF sought to intervene for the purpose of protecting the integrity of the PIP arbitration proceedings that the Commissioner of Banking and Insurance has delegated responsibility to the NAF to conduct. The certification of its Assistant Director contended that, if the court granted the relief sought by Allstate, it would be interjecting itself "into the system and procedures for the ongoing administration of PIP arbitrations." The certification also pointed out that the NAF was acting as the designated agent of the Department of Banking and Insurance in administering "alternate dispute resolution proceedings (arbitrations) involving the payment of [PIP] benefits," and that, in performing this role, the NAF operates "under the exclusive direction and supervision of [the Department]." A supplemental certification by the Assistant Director noted that the NAF handles approximately 60,000 PIP arbitrations annually. This certification contended that "if ... parties are permitted to have a court review and modify interlocutory decisions, this ... would not only conflict with the goals of the no fault system, but would also create the potential for chaos and provide a precedent for the inundation of the court system with a veritable flood of applications for such intermediate review." Consequently, according to its Assistant Director, the NAF was "compelled to move to intervene... as it has a unique interest in the integrity of and the unimpeded administration of the arbitration process which is structured to provide the speedy and inexpensive resolution of PIP disputes."
We conclude that the Assistant Director's certifications established the kind of interest in Allstate's action against Neurology required for the NAF to intervene as of right. This interest relates to the NAF's discharge of its responsibility, under rules and regulations adopted by the Department of Banking and Insurance, to provide for "prompt, fair and efficient resolution of PIP disputes." N.J.A.C. 11:3-5.4(b)(5).
Thus, this case is fundamentally different from the line of cases which hold that arbitrators and arbitral forums "have no interest in the outcome of [a] dispute between [parties to arbitration], and they should not be compelled to become parties to that dispute." Caudle v. Am. Arbitration Ass'n, 230 F.3d 920, 922 (7th Cir. 2000); see also New England Cleaning Servs., Inc. v. Am. Arbitration Ass'n, 199 F.3d 542, 546 (1st Cir.1999); Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir.), cert. denied, 498 U.S. 850, 111 S.Ct. 141, 112 L.Ed.2d 107 (1990). The rationale of those cases is that arbitrators, like judges, have no interest in the outcome of an arbitration, and therefore, *396 their joinder in an action challenging an arbitration award is not appropriate. See Caudle, supra, 230 F.3d at 922. In contrast, this action does not relate to the outcome of an individual arbitration proceeding but rather to the orderly and efficient administration of PIP arbitration proceedings generally. Allstate's action against Neurology is similar in this respect to an action challenging the validity of a NAF rule, in which the NAF clearly would be a necessary party. See Gonzalez v. N.J. Prop. Liab. Ins. Guar. Ass'n, 412 N.J.Super. 406, 417-20, 991 A.2d 243 (App. Div.2010). Therefore, we conclude that NAF has made an adequate demonstration of "an interest relating to the ... transaction which is the subject of the action," R. 4:33-1, specifically, the application of its procedural rules to this PIP arbitration proceeding and the right to judicial review of its decision regarding the application of those rules.
The NAF's motion also satisfied the other prerequisites for intervention under Rule 4:33-1. As demonstrated by the highly intrusive and potentially disruptive order entered by the Chancery Division,[2] the NAF was "so situated that the disposition of [Allstate's] action may as a practical matter impair or impede the ability to protect that interest." R. 4:33-1. In addition, the NAF's interest in Allstate's action was not "adequately represented" by Neurology. Ibid. In fact, Neurology expressed a willingness to enter into a settlement with Allstate under which its reply brief and Allstate's opposition would be submitted to the DRP panel under ad hoc arrangements, which the NAF claims would conflict with its rules. Most significantly, Neurology did not express any interest in the overriding issue of whether the Department's rules governing PIP arbitrations authorize an appeal to the courts from an interlocutory order or other interim action by the NAF relating to a pending dispute resolution proceeding. Finally, there is no dispute concerning the *397 timeliness of the NAF's motion to intervene. Therefore, the trial court erred in denying that motion.

IV.
We turn finally to the primary issue presented by this appeal, which is whether the rules and regulations adopted by the Commissioner of Banking and Insurance to govern dispute resolution proceedings relating to claims for PIP benefits authorize an appeal to challenge an interlocutory order or other interim action by the NAF.
AICRA added a new section to the No Fault Act, N.J.S.A. 39:6A-5.1(b), which requires "the Commissioner of Banking and Insurance [to] designate an organization... for the purpose of administering dispute resolution proceedings regarding [PIP benefits]," and to "promulgate rules and regulations with respect to the conduct of the dispute resolution proceedings." In accordance with this statutory directive, the Commissioner designated the NAF as the organization responsible for administering dispute resolution proceedings regarding PIP, see N.J. Mfrs. Ins. Co. v. Bergen Ambulatory Surgery Ctr., 410 N.J.Super. 270, 274, 982 A.2d 1 (App.Div. 2009), and adopted rules and regulations the NAF is required to follow in such proceedings, N.J.A.C. 11:3-5.1 to -5.12.
The Commissioner's statement of the purpose and scope of these rules and regulations notes that "[t]his subchapter implements N.J.S.A. 39:6A-5.1 and -5.2, which provide that PIP disputes shall be resolved by binding alternate dispute resolution as provided in the policy form approved by the Commissioner[,] ... [and] also implements provisions of N.J.S.A. 2A:23A-1 et seq., as applicable to PIP dispute resolution." N.J.A.C. 11:3-5.1(a) (emphasis added). The reference to "N.J.S.A. 2A:23A-1 et seq." in this regulation is to the APDRA, one section of which was discussed in Section II of this opinion. The APDRA was designed to "create a new procedure for dispute resolution which... provide[s] a speedier and less expensive process for resolution of disputes than traditional civil litigation." Mt. Hope Dev. Assocs., supra, 154 N.J. at 145, 712 A.2d 180 (quoting Governor's Reconsideration and Recommendation Statement to A.296, 202nd Leg., at 1 (1987)).
The use of the alternative dispute resolution procedures set forth in the APDRA is purely voluntary. Id. at 145-46, 712 A.2d 180. Thus, even though the APDRA procedures include provisions for judicial review, "parties are free to invoke [the APDRA's] procedures in toto or subject to agreed upon modifications." Id. at 149, 712 A.2d 180. Therefore, parties may utilize the APDRA's general framework for alternative dispute resolution without providing for judicial review under all the circumstances allowed under this legislation.
Two sections of the APDRA authorize judicial review of decisions by an arbitrator or arbitral forum. First, N.J.S.A. 2A:23A-13(a) authorizes "a summary application in the Superior Court for [the] vacation, modification or correction" of an arbitration award. Second, N.J.S.A. 2A:23A-7(a) provides in pertinent part that "[i]n exceptional circumstances, to prevent a manifest denial of justice, or when it clearly appears that a party will suffer irreparable harm ... a party who is aggrieved by any intermediate ruling ... may move before the Superior Court for an expedited summary review under procedures adopted by the Supreme Court." The question presented by this appeal is whether the rules and regulations adopted by the Commissioner of Banking and Insurance to govern PIP dispute resolution proceedings not only authorize judicial *398 review of final arbitration awards under N.J.S.A. 2A:23A-13(a) but also authorize judicial review of intermediate rulings under N.J.S.A. 2A:23A-7(a).
Those rules and regulations specifically authorize judicial review of a final arbitration award under N.J.S.A. 2A:23A-13(a). N.J.A.C. 11:3-5.6(f) provides:
The final determination of the dispute resolution professional shall be binding upon the parties, but subject to vacation, modification or correction by the Superior Court in an action filed pursuant to N.J.S.A. 2A:23A-13 for review of the award.
The Commissioner's rules and regulations do not include any comparable authorization for judicial review of intermediate rulings under N.J.S.A. 2A:23A-7(a). In fact, N.J.S.A. 2A:23A-7(a) is not even cited in those rules and regulations. Nevertheless, Allstate argues that the requisite authorization for judicial review of intermediate rulings under N.J.S.A. 2A:23A-7(a) is provided by the part of N.J.A.C. 11:3-5.1(a), which states that "[t]his subchapter also implements provisions of N.J.S.A. 2A:23A-1 et seq., as applicable to PIP dispute resolution." (Emphasis added).
We reject this argument. If the Commissioner had intended all the provisions of the APDRA to apply to PIP arbitration conducted by the NAF, the Commissioner could have stated this intent clearly and directly. Instead, the Commissioner's rules and regulations state, in an introductory section entitled "Purpose and Scope," that those provisions apply only "as applicable" to PIP dispute resolution. N.J.A.C. 11:3-5.1(a). The clear implication of this "as applicable" qualification to the use of the APDRA procedures is that specific authorization for the use of any particular procedure must be found in some other section of the rules and regulations governing PIP arbitrations, or perhaps the NAF's own rules, see N.J.S.A. 39:6A-5.1(b). Support for this interpretation of N.J.A.C. 11:3-5.1(a) is provided by N.J.A.C. 11:3-5.6(f), which specifically states that "[t]he final determination of the dispute resolution professional ... [is] subject to vacation, modification or correction by the Superior Court in an action filed pursuant to N.J.S.A. 2A:23A-13." If the Commissioner had intended the procedure set forth in N.J.S.A. 2A:23A-7(a) for judicial review of an "intermediate ruling" to also apply to PIP arbitration proceedings, the Commissioner could have adopted a rule comparable to N.J.A.C. 11:3-5.6(f) to express that intent. In the absence of such a rule, we conclude that judicial review of an intermediate ruling is not one of the APDRA procedures the Commissioner has made "applicable" to PIP arbitration proceedings.
This conclusion is reinforced by the fact that any authorization for judicial review of intermediate rulings would raise significant policy issues regarding the arbitration of PIP disputes, which the Commissioner could have been expected to address directly, rather than in the oblique manner Allstate's argument postulates. Our State has a "general policy against piecemeal review of trial-level proceedings." Brundage v. Estate of Carambio, 195 N.J. 575, 599, 951 A.2d 947 (2008). Courts look with similar "disfavor upon the unnecessary bifurcation of disputes between judicial resolution and arbitration." Ohio Cas. Ins. Co. v. Benson, 87 N.J. 191, 199, 432 A.2d 905 (1981). This policy against piecemeal review applies with particular force to a field of high volume arbitration such as PIP disputes between automobile insurance carriers and their insureds or their insureds' medical providers. As we recently noted in a related context:

*399 A premature entanglement of the judiciary in PIP arbitrations would run at cross purposes with the legislative goal of achieving the four objectives of the "No Fault Act,"...: "(1) prompt reparation to accident victims[;] (2) cost containment of automobile insurance[;] (3) availability of insurance[;] and (4) easing of the judicial caseload."
[N.J. Mfrs. Ins. Co. v. Bergen Ambulatory Surgery Ctr., supra, 410 N.J.Super. at 280, 982 A.2d 1 (quoting Cobo v. Market Transition Facility, 293 N.J.Super. 374, 384, 680 A.2d 1103 (App.Div.1996)).]
In view of this strong public policy against judicial intervention in ongoing PIP arbitration proceedings, we are unwilling to read the vague, general language of N.J.A.C. 11:3-5.1(a) as an expression of the Commissioner's intent to adopt the procedures set forth in N.J.S.A. 2A:23A-7(a) for judicial review of intermediate rulings as part of the system for arbitration of PIP disputes.
Because we conclude that the NAF case coordinator's decision regarding the timeliness of the parties' submissions was not subject to judicial review under N.J.S.A. 2A:23A-7(a), there is no need to consider the NAF's alternative argument that, even if N.J.S.A. 2A:23A-7(a) were applicable, Allstate failed to show the "exceptional circumstances" or "manifest denial of justice" required to justify judicial intervention under this provision.
Accordingly, we reverse the order denying the NAF's motion to intervene and the February 9, 2010 order overruling and superseding the NAF case coordinator's decision regarding the timeliness of the parties' August 16 and 18, 2009 submissions.
NOTES
[1] Because there does not appear to be any dispute regarding the finality of the February 9, 2010 order, there is no need to address the appropriateness of this certification.
[2] That order provides in pertinent part:

The letter brief dated August 16, 2009 ... submitted to the [NAF] by counsel for defendant [Neurology] may be presented to the [NAF] appellate panel, subject to the following conditions:
....
b. Counsel for [Allstate] may, within twenty-one (21) days from the date of this order submit a response to the letter brief dated August 16, 2009, setting forth objections to the consideration, by the [NAF] appellate panel, of the letter brief dated August 16, 2009, based upon
[1.] Arguments based upon analyses of the [NAF] rules,
[2.] Arguments based upon New Jersey case law, statutes or regulations,
[3.] Arguments based upon Constitutional considerations of Due Process of Law,
[4.] Arguments as otherwise may be set forth.
c. The [NAF] appellate panel shall consider any such objections and expressly rule on the admissibility of the letter brief dated August 16, 2009. If and only if the [NAF] appellate panel first determines that the letter brief dated August 16, 2009 is admissible ... then the [NAF] appellate panel shall consider any legal arguments submitted by counsel for [Allstate] relative to the other legal issues set forth in the letter brief dated August 16, 2009. The [NAF] appellate panel may not allow admissibility of the August 16, 2009 letter brief simply based upon the belief that [Allstate] has the opportunity to refute or respond to the legal arguments.
d. The [NAF] shall forward a copy of this Order and the responsive brief (both to be submitted by counsel for [Allstate]) to the [NAF] appellate panel.
e. The [NAF] appellate panel shall explicitly state, in its written opinion:
[1.] That it received, reviewed and obeyed this Order,
[2.] Specific conclusions of law with regard to the objections and arguments set forth by [Allstate] in its responsive brief to be submitted twenty-one (21) days from the date of this Order.