# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3982

_____

| | | |
|---|---|---|
| James B. Geitz, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Gene Overall; Gary Krautmann; | * | |
| Robert Livergood; Michael Godfrey; | * | [UNPUBLISHED] |
| Deidre O'Meara Smith; Kim Elliot; | * | |
| Martha J. Hagan; Paul Fox; Joan | * | |
| Gilmer; Barbara Wallace; Kenneth M. | * | |
| Romines; James R. Dowd, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 6, 2003
Filed: April 11, 2003

_____

Before LOKEN,[1] Chief Judge, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate James B. Geitz appeals the district court's pre-service dismissal without prejudice of his 42 U.S.C. § 1983 complaint, and the denial of his motion to amend his complaint. We affirm in part, and reverse and remand in part.

_____

[1]The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

Proceeding pro se and in forma pauperis (IFP), Geitz sued various state-court clerks, an attorney for one of the clerk's offices, a state prosecutor, several state judges, a court specialist, and a judicial legal assistant. The gist of Geitz's complaint was that defendants denied him access to the courts and the right to appeal his criminal conviction by failing to file his submissions, to notify him of court orders affecting him, and to respond to or redress his inquiries and requests for relief from the court staff's alleged inaction. Geitz sought damages and requested that all defendants be impeached or their employment terminated. The district court dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B), denied his motion to amend his complaint, and denied permission to proceed IFP on appeal. We now grant Geitz IFP status and assess the appellate filing fee in accordance with the Prison Litigation Reform Act (PLRA), leaving the collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam).[2]

Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), initially we disagree with the district court that Geitz's complaint was barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a finding that Geitz was denied the right to appeal does not necessarily imply that his appeal would be meritorious. We agree with the district court, however, that (1) Geitz was not entitled to the injunctive relief he sought, cf. Davis v. McAteer, 431 F.2d 81, 82 (8th Cir. 1970) (federal courts must be mindful of federal-state balance in suits against state officers); Consumer Party v. Davis, 778 F.2d 140, 146 (3d Cir. 1985) (district courts are limited by federalism constraints in fashioning injunctive relief); (2) the judges and prosecutor were absolutely immune from liability for damages, see Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997); Duba v. McIntyre, 501 F.2d 590, 592

_____

[2]In a memorandum attached to his IFP motion in this court, Geitz argues that the district court violated his constitutional rights by both assessing the filing fee and dismissing the complaint, but this is precisely what the PLRA allows. See Murray v. Dosal, 150 F.3d 814, 818-19 (8th Cir. 1998) (per curiam) (fee provisions pass constitutional muster), cert. denied, 526 U.S. 1070 (1999).

(8th Cir. 1974) (per curiam), <u>cert. denied</u>, 424 U.S. 975 (1976); and (3) the clerk's-office attorney, court specialist, and judicial legal assistant were entitled to quasi-judicial immunity because they were performing discretionary functions, <u>see</u> <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429, 436 (1993).

We reverse the court's dismissal of the court clerks.  Clerks are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule.  <u>See</u> <u>Antoine</u>, 508 U.S. at 436 (when judicial immunity is extended to officials other than judges, it is because they also exercise discretionary judgment as part of their function); <u>Martin</u>, 127 F.3d at 721 (judge's absolute immunity extends to public officials who act under court order or at judge's direction); <u>Robinson v. Freeze</u>, 15 F.3d 107, 108-09 (8th Cir. 1994) (determination of bailiff's immunity turned on whether bailiff was performing tasks delegated by judge or was exercising discretionary judgment).

Geitz alleged that the clerks intentionally failed to file his submissions, to notify him of court orders, and to respond to his inquiries--actions which arguably are ministerial, not discretionary--and he did not allege that the clerks were acting pursuant to court rules or instructions.  Viewing the complaint in the light most favorable to Geitz, <u>see</u> <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Fed. R. Civ. P. 12(b)(6) standard of review to § 1915(e)(2)(B) dismissal), we conclude that the clerks were not absolutely immune, and the complaint stated a claim against them.  Thus, we reverse and remand for further proceedings as to defendants Overall, Smith, Elliot, and Gilmer.  In all other respects, the dismissal order is affirmed.

On remand the district court should reconsider Geitz's motion to amend his complaint in light of this decision.

Accordingly, we affirm in part, and reverse and remand in part.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.