**F I L E D**

PUBLISH

**February 20, 2007**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

| | |
|---|---|
| ROBERT PFANNENSTIEL, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH; NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., <br><br> Defendants-Appellees. | No. 04-1274 |

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 04-B-268(MJW))**

_____

Paul H. Schwartz, Cooley Godward LLP, Broomfield, Colorado for Plaintiff-Appellant.

Thomas P. Howell (Bruce W. Day, Bill P. Guest, Tara A. LaClair with him on brief) Day, Edwards, Propester & Christensen, P.C., Oklahoma City, Oklahoma, for Defendant-Appellee Merrill Lynch, Pierce Fenner & Smith.

Terri L. Reicher, National Association of Securities Dealers, Inc., Washington D.C. for Defendant-Appellee National Association of Securities Dealers.

_____

Before **BRISCOE**, **SILER,**[*] and **McCONNELL**, Circuit Judges.

_____

[*]The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

—————————————————————

**SILER**, Circuit Judge.

—————————————————————

Robert Pfannenstiel (Pfannenstiel) appeals the district court's dismissal of his motion to vacate the judgment of an arbitration panel and the district court's decision that the arbitration panel was protected by arbitral immunity. Pfannenstiel contends that his motion was timely because he served it at the earliest possible date he could have known that grounds to vacate existed and that arbitral immunity does not apply because the arbitration panel committed misconduct outside of its judicial function. Because Pfannenstiel's arguments lack merit, we **AFFIRM**.

## BACKGROUND

In 1998, Pfannenstiel advised Merrill Lynch, Pierce Fenner & Smith (Merrill Lynch) that he felt that his account statements were incorrect and that Merrill Lynch owed him compensation. Merrill Lynch maintained that it had not committed any errors in Pfannenstiel's account and denied his request. Shortly thereafter, and for the next several months, Pfannenstiel repeatedly attempted to convince Merrill Lynch that it had made accounting errors in his account by submitting an unsigned letter on Merrill Lynch letterhead as evidence. Merrill Lynch believed that the letter was false and again refused Pfannenstiel's demands.

In September 2003, Pfannenstiel submitted his claim to a three-member panel of National Association of Securities Dealers (NASD) arbitrators requesting

$217,785.00 plus damages. The panel denied his claim on November 7, 2003. Two months later, Pfannenstiel discovered that the boxes of evidence and the hearing tapes were missing after he contacted the NASD in an effort to retrieve a document he presented at the hearing. By letter dated January 5, 2004, the NASD case manager informed Pfannenstiel that upon conclusion of the hearing, the boxes containing exhibits and audiotapes of the hearing were delivered to the front desk of the hotel where the hearing had been conducted and someone claiming to be a NASD representative had taken the materials. However, no one at the NASD admitted taking the boxes from the hotel nor could the NASD locate them.

Pfannenstiel then filed a "Complaint and Request for Federal Intervention" against Merrill Lynch and the NASD, requesting: 1) vacation of the arbitrators' ruling; 2) that he be awarded unspecified damages because the NASD lost the boxes of evidence and the transcripts, failed to manage his case properly, tried to coverup the loss of evidence, breached the arbitration contract, and disregarded his rights; and 3) for an order compelling the NASD to establish a protocol for preserving evidence and transcripts.

Merrill Lynch received Pfannenstiel's Complaint on February 16, 2004; the NASD received its copy the following day on February 17, 2004. The magistrate judge assigned to the case recommended that the court dismiss the complaint because service on the defendant was untimely under § 12 of the Federal Arbitration Act (FAA), which requires service of a motion to vacate an arbitration award within three

months of the delivery of the award. The magistrate judge also concluded that an action for damages against the NASD was barred by the doctrine of arbitral immunity. The district court upheld the magistrate judge's recommendations.

**DISCUSSION**

A district court's decision whether to equitably toll a period of limitation is reviewed for abuse of discretion. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). We review a dismissal based on arbitral immunity *de novo*. *Salt Lake Tribune Pub. Co., LLC v. Management Planning, Inc.*, 390 F.3d 684, 688 (10th Cir. 2004).

**1. Whether Pfannenstiel Timely Served His Complaint**

The FAA requires notice of a motion to vacate, modify, or correct an arbitration award to "be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Int'l Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 966 (10th Cir. 1987).

Pfannenstiel received the NASD panel's decision on November 12, 2003. Under 9 U.S.C. § 12, he was required to serve notice of his application to vacate the award upon Merrill Lynch by February 12, 2004, three months from the date he received the decision. He did not serve Merrill Lynch until February 16, 2004.

Pfannenstiel contends that the doctrine of equitable tolling should apply because he had no way of knowing about the missing evidence until he contacted the NASD. Equitable tolling suspends the running of a statute, and it should be applied unless Congress provides to the contrary. *United States v. Clymore*, 245 F.3d 1195, 1197 (10th Cir. 2001). Although Pfannenstiel received the arbitrators' decision on November 12, 2003, it was not until January 7, 2004, that the NASD informed him that it lost the materials immediately following the hearing.

Nonetheless, Pfannenstiel could have served the defendants before the expiration of the three-month time limit. He had approximately one month left after he learned that the evidence was no longer available in order to timely file his motion to vacate, but he did not file it within that time period. The one-month time period provided Pfannenstiel ample opportunity to serve the defendants in a timely fashion. Thus, equitable tolling does not apply.

**2. Whether the NASD Arbitrators Enjoy Arbitral Immunity**

This circuit has not yet ruled on the doctrine of arbitral immunity. The doctrine generally rests on the notion that arbitrators acting within their quasi-judicial duties are the functional equivalent of judges and, as such, should be afforded similar protection. *See Olson v. Nat'l Ass'n of Securities Dealers*, 85 F.3d 381, 382 (8th Cir. 1996). More specifically, arbitral immunity has been held to be "essential to protect the decision-makers from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." *New England*

*Cleaning Servs., Inc. v. American Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999).

Every other circuit that has considered the issue of arbitral immunity recognizes the doctrine. *See, e.g., Hutchins v. Am. Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999); *Austern v. Chicago Bd. of Options Exch., Inc.*, 898 F.2d 882 (2d Cir. 1990); *Cahn v. Int'l Ladies Garment Union*, 311 F.2d 113 (3d Cir. 1962); *Shrader v. NASD, Inc.*, 54 F.3d 774 (4th Cir. 1995); *Hawkins v. NASD, Inc.*, 149 F.3d 330 (5th Cir. 1998); *Corey v. New York Stock Exch., Inc.*, 691 F.2d 1205 (6th Cir. 1982); *Int'l Med. Group, Inc. v. American Arbitration Ass'n*, 312 F.3d 833 (7th Cir. 2002); *Honn v. NASD*, 182 F.3d 1014 (8th Cir. 1999); *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579 (9th Cir. 1987). These courts uniformly hold that arbitration forums and sponsors, like courts of law, are immune from liability for actions taken in connection with administering arbitration.

Supreme Court precedent also supports the doctrine of arbitral immunity. In *Butz v. Economou*, 438 U.S. 478, 508-511 (1978), the Court held that there are certain persons whose special functions require a full exemption from liability for acts committed within the scope of their duties. *Id.* at 508. The Court felt this was necessary to protect the decision-makers from bias or intimidation caused by fear of a lawsuit arising out of the exercise of their official functions. While not mentioning NASD arbitrators specifically, the Court's reasoning would certainly apply to them as well.

- 6 -

Here, Pfannenstiel has not sued the individual members of the NASD arbitration panel that ruled against him. Instead, he has sued the NASD itself, claiming, in pertinent part, that it is responsible for losing his personal property following the arbitration hearing. The NASD argued below, and the district court agreed, that it was entitled to arbitral immunity from Pfannenstiel's claim. In his appeal, Pfannenstiel argues that the doctrine of arbitral immunity does not shield arbitration organizations from liability for misconduct that is separate from their judicial function. He contends that the NASD committed a tort against him when it lost his personal property, and that the NASD misconduct has nothing to do with the NASD arbitration decision.

We agree with Pfannenstiel that the doctrine of arbitral immunity does not protect arbitrators or their employing organizations from all claims asserted against them. The key question, we believe, is whether the claim at issue arises out of a decisional act. Maureen A. Weston, *Reexamining Arbitral Immunity in an Age of Mandatory and Professional Arbitration*, 88 Min. L. Rev. 449, 505 (Feb. 2004). In other words, does the claim, regardless of its nominal title, effectively seek to challenge the decisional act of an arbitrator or arbitration panel? If so, then the doctrine of arbitral immunity should apply. *Id.* If not, the doctrine would not apply. *Id.* at 506; *see Caudle v. American Arbitration Ass'n*, 230 F.3d 920, 922 (7th Cir. 2000) (suggesting that arbitration association would not be immune from a claim for a refund due to its failure to provide promised arbitration services); *cf. Geitz v.*

*Overall*, 62 Fed. Appx. 744, 746 (8th Cir. 2003) (concluding that state-court clerks were "absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge according to court rule"); *McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972) ("A state officer is generally not immune under common law for failure to perform a required ministerial act.").

We reject Pfannenstiel's assertion, however, that his claim concerning the NASD's loss of his property has nothing to do with the arbitration decision rendered against him. The face of Pfannenstiel's complaint listed both Merrill Lynch and the NASD as defendants, and expressly stated, that, "[d]ue to the unseparable [sic] nature of the issues, the[] two cases [we]re presented under one complaint." The complaint further stated under a heading entitled "REQUEST," that Pfannenstiel was seeking vacatur of the arbitration panel's decision "on the grounds of denial of rights to get a fair 'trial,'" due in pertinent part to the NASD's "[n]eglectful[] handling of evidence after the 'trial,' neglectful[] handling of 'trial' tape recordings after the 'trial,' neglectful protocol to set standards for transfer of evidence after the 'trial' and cover-up after the fact rendering undue delay." According to the complaint, the NASD's actions in this regard "rendered unfair advantage to [Merrill Lynch] and deni[ed] plaintiff's rights to 'appeal' or obtain 'vacancy' under normal methods." Ultimately, the complaint sought damages against the NASD in the amount of $217, 785, the identical amount Pfannenstiel sought from Merrill Lynch in the underlying arbitration proceeding. Given these allegations, we conclude that Pfannenstiel's

claim is little more than a veiled attack on the decision rendered against him by the arbitration panel, and that, accordingly, the NASD is entitled to arbitral immunity from that claim.

## CONCLUSION

The judgment of the district court is **AFFIRMED**.