

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2007

# Sathianathan v. Pac Exchange Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sathianathan v. Pac Exchange Inc" (2007). *2007 Decisions*. Paper 431.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/431

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 06-3783

—————

RAGHAVAN SATHIANATHAN,

Appellant

v.

PACIFIC EXCHANGE, INC.; KATHRYN BECK;
BETSY JAMES; ATTHEW MENNES

—————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-01592)
District Judge: Honorable William G. Bassler

—————

Submitted under Third Circuit LAR 34.1(a)
June 6, 2007

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>.

(Opinion filed: September 14, 2007)

—————

OPINION

—————

PER CURIAM

Raghavan Sathianathan, acting *pro se*, appeals the dismissal of his complaint and the denial of his motion for reconsideration by the United States District United States District Court for the District of New Jersey.

Sathianathan was the losing party in an arbitration in California sponsored by defendant Pacific Exchange, Inc. ("PCX"). After unsuccessfully challenging the arbitration award in the United States District Court for the Northern District of California, see N.D. Cal. Civ. No. 04-cv-2130, Sathianathan filed the instant action against PCX; its general counsel, Kathryn Beck; former general counsel, Betsy James; and director of arbitration, Matthew Mennes. Although the claims raised in his voluminous submissions to the District Court and to this Court are not entirely clear, Sathianathan appears to allege that defendants caused him injury by: suspending arbitration proceedings for three months in 2003; serving a corrected copy of the arbitration award after their jurisdiction had expired; and attempting to collect $20,000 in arbitrator fees. See Appellant's Reply Brief in Support of Appeal at 4-6. The District Court dismissed Sathianathan's complaint on the grounds of arbitral immunity, absence of a private right of action for damages arising from the failure of PCX to regulate member organizations, and lack of personal jurisdiction over the individual defendants.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, engaging in plenary review of legal issues of arbitral immunity and personal jurisdiction. See Yarris v. County of Del., 465 F.3d 129, 134 (3d Cir. 2006); IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254,

258 (3d Cir. 1998). We review the District Court's denial of reconsideration for abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

For a court to exercise personal jurisdiction over a defendant, that defendant must have sufficient "minimum contacts" with the forum state, such that subjecting the defendant to the court's jurisdiction "comports with traditional notions of fair play and substantial justice." See Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir. 2003)(citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945)). When defendants move to dismiss for lack of personal jurisdiction, plaintiff must establish at least a prima facie case for personal jurisdiction, with all of plaintiff's allegations taken as true and all factual disputes resolved in her favor. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

We agree with the District Court that the plaintiff did not allege facts sufficient to establish personal jurisdiction over the individual defendants in this case. Jurisdiction over employees of a corporation does not arise automatically from jurisdiction over the corporation. See Nicholas v. Saul Stone & Co., 224 F.3d 179, 184 (3d Cir. 2000). "Each defendant's contacts with the forum state must be assessed individually." Id. (citation omitted). According to the amended complaint, the individual defendants in this case are residents of California. See Amended Complaint, Paras. 7-9. There is no allegation that they have continuous and systematic contact with New Jersey that would support an

3

assertion of general jurisdiction over them in that state.  See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 262-63 (3d Cir. 2000).  The only contacts the individual defendants made with the forum state in this case were a handful of telephone calls, e-mails, and letters apprising appellant, a New Jersey resident, of the status of the arbitration.  Such "minimal communication between the defendant and the plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of that state's court system."  IMO Indus., 155 F.3d at 260 n.3; see also Toys "R" US, 318 F.3d at 453-54; BP Chems., 229 F.3d at 261.  The individual defendants did not purposefully avail themselves of the forum state and could not reasonably anticipate being haled into court there.  See BP Chemicals, 229 F.3d at 259-60.  As plaintiff failed to make even a threshold showing of jurisdiction, he was not entitled to the jurisdictional discovery he claims to have been denied.  See Toys "R" US, 318 F.3d at 456.

We agree with the District Court's conclusion that it had jurisdiction over PCX, see Amended Complaint, Para. 5, and that all claims against that defendant are barred by the doctrine of arbitral immunity.[1]  Such immunity protects arbitrators from "civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings."  See Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579, 1582 (9th Cir. 1987); Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith, 477 F.3d

---

[1]  We construe the amended complaint liberally, as Sathianathan is proceeding *pro se*. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  We also note that appellants have not challenged the District Court's ruling on this issue.

4

1155, 1159 (10th Cir. 2007); <u>Cahn v. Int'l Ladies' Garment Union</u>, 311 F.2d 113, 114-15 (3d Cir. 1962). Arbitral immunity has been logically extended to the boards sponsoring the arbitration. <u>See</u> <u>Corey v. N.Y. Stock Exch.</u>, 691 F.2d 1205, 1209 (6th Cir. 1982).

Sathianathan argues that defendants are not shielded by arbitral immunity. First, he contends that they acted without jurisdiction in delivering a corrected copy of the arbitration award form. While there is no dispute that all three arbitrators heard and decided the case, two of their signatures were missing from the initially distributed award form. Two months later, this mistake was corrected and a substantively identical form with all three signatures was distributed. Appellant argues that because the corrected form was delivered after he had filed his federal court challenge to the arbitration award, defendants lacked jurisdiction to correct the error on the award form. In adjudicating Sathianathan's challenge to the arbitration award, the District Court for the Northern District of California accepted the corrected form, as defendants were simply rectifying a clerical error. We will not disturb its decision. <u>Cf.</u> Fed. R. Civ. P. 60(a); <u>Barris v. Bob's Drag Chutes & Safety Equip. Inc.</u>, 717 F.2d 52, 55 (3d Cir. 1983)("[A] motion to correct a clerical mistake does not affect the finality of the original judgment."); <u>In re U.S. Healthcare, Inc.</u>, 193 F.3d 151, 158 n.2 (3d Cir. 1999)("[A]ppellate courts 'have treated clerical errors, oversights, and omissions as if they had been corrected and have not required the formality of a correction by the district court.'" (citation omitted)).

5

Appellant also suggests that the suspension of arbitration proceedings does not qualify for arbitral immunity because defendants made a system-wide administrative decision to suspend all PCX arbitrations during that period, not a case-specific choice to suspend one particular proceeding.[2]  Any alleged injury to the appellant, however, resulted solely from the scheduling of the arbitration to which he was a party.  This was a "decisional act" directly related to the arbitration and protected by arbitral immunity.  See Pfannenstiel, 477 F.3d at 1159.  Defendants are similarly immune from appellant's attempt to overturn the arbitrators' assessment of forum fees, which are properly viewed as part of the arbitration award.  See id.

We find no abuse of discretion in the District Court's denial of Sathianathan's motion for reconsideration, which identified neither errors in the District Court's order nor any other basis to justify revisiting that order.

Accordingly, we will **affirm** the order of the District Court.

---

[2]  According to defendants, PCX-supervised arbitrations were suspended in early 2003 due to concerns about compliance with a new California law.