# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3299

_____

Dudie James Rose

*Plaintiff - Appellant*

v.

Michael Flairty

*Defendant - Appellee*

Dick Finke; Todd Edwards; Nebraska Board of Regents; ARCH Board of Directors

*Defendant*s

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: October 6, 2014
Filed: December 1, 2014

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

Dudie Rose filed this § 1983 action against his probation officer, Michael Flairty, alleging that Flairty violated his First Amendment rights by requiring him to satisfy the terms of a court probation order which directed him to complete a privately

run substance abuse treatment program, Alcoholics Resocialization Conditional Help ("ARCH").[1]  Rose argues that the program prohibited him from practicing his faith as a Jehovah's Witness.  Rose claims that when he protested, Flairty responded that Rose could either comply with the terms of his probation order or return to prison.  The district court[2] concluded that quasi judicial absolute immunity applied to Officer Flairty because he was carrying out a court order.  We affirm.

An Iowa court convicted Rose of theft in May 2011 and sentenced him to three years probation.  Rose violated the terms of his probation a few months later, and the court modified his sentence to require completion of an inpatient substance abuse treatment program. After considering a number of facilities and receiving Rose's consent, the court ordered Rose to complete the ARCH treatment program.  ARCH is a halfway house that assists adult males who suffer from addiction.  The ARCH program relies on the principles of Alcoholics Anonymous ("AA").  It requires residents to attend AA meetings and participate in a twelve steps program, which includes some religious content.  The court added ARCH's rules and policies to the terms of Rose's probation, and it ordered him to follow all the program's requirements and conditions.  Rose did not object.

Rose is a Jehovah's Witness.  Rose alleges that after his admission to ARCH, program employees denied his requests to attend worship services at the local Kingdom Hall.  He further alleges that when ARCH employees saw him reading a Jehovah's Witness magazine, they told him to read AA literature instead.  According to Rose, employees ordered him to say prayers at the end of AA meetings, even

---

[1] Rose also brought suit against Dick Finke and Todd Edwards, two employees of the Alcoholics Resocialization Conditional Help substance abuse treatment facility, but they settled shortly before this case was argued.

[2] The Honorable John M. Gerrard, United States District Judge, District of Nebraska.

though Rose told them that Jehovah's Witnesses do not pray with persons of other faiths or say repetitious prayer. Rose states that ARCH employees told him he could pack his bags and leave if he did not pray.

During his first month at ARCH, Rose allegedly complained to Flairty about how the program's employees treated him. The officer replied that Rose could either comply with his probation order and complete the ARCH program or return to prison. Rose therefore abandoned ARCH and failed to check in with the probation department. He was arrested about two months later on drug and firearms charges. Rose then brought a § 1983 lawsuit against Flairty, alleging violations of his First and Fourteenth Amendment rights. The district court granted summary judgment to Flairty based on quasi judicial absolute immunity. Rose appeals.

We review the district court's grant of summary judgment de novo, viewing the evidence and drawing all reasonable inferences in favor of the nonmoving party. Joseph v. Allen, 712 F.3d 1222, 1225 (8th Cir. 2013). We have "consistently held" that officials acting pursuant to a court order have "a quasi judicial absolute immunity from damages for actions taken to execute that order." Patterson v. Von Riesen, 999 F.2d 1235, 1240 (8th Cir. 1993) (collecting cases). Here, the court added the rules and policies of the ARCH program to the terms of Rose's probation order, and Rose consented to placement in the program. When he later complained to Flairty about ARCH, Flairty advised him to comply with the court's order. Flairty himself did not have authority to modify the terms of Rose's probation, but Rose could have sought relief from the court. He did not, and Flairty enforced the probation order entered by the court. Thus, he is entitled to "quasi judicial absolute immunity from damages for actions taken to execute that order." Id.

Rose argues that probation officers like Flairty are only entitled to absolute immunity when they perform an "adjudicatory or prosecutorial" function. Because Flairty did not perform an adjudicatory function here, Rose asserts that he is not

-3-

entitled to absolute immunity.  See Ray v. Pickett, 734 F.2d 370, 372 (8th Cir. 1984).
This argument fails because officers are protected by quasi judicial absolute immunity
when they enforce a court order.  See Geitz v. Overall, 62 F. App'x 744, 746 (8th Cir.
2003).  Flairty is thus entitled to absolute immunity because he acted to enforce a
"court order . . . at a judge's direction."  Robinson v. Freeze, 15 F.3d 107, 109 (8th
Cir. 1994).

For these reasons we affirm the judgment of the district court.

_____