**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS HOPPER, MD, | No. 16-55573 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01124-RGK-AGR |
| v. | |
| AMERICAN ARBITRATION ASSOCIATION, INC., a New York State not-for-profit corporation and DOES, 1 through 100 inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and COLLINS,[**] Chief
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Raner C. Collins, Chief United States District Judge
for the District of Arizona, sitting by designation.

Douglas Hopper appeals the dismissal of his false advertising claim against the American Arbitration Association ("AAA") on the basis of arbitral immunity.[1] We review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). We reverse and remand for further proceedings.[2]

Arbitral immunity extends to claims that arise out of a decisional act and exists to "protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants."[3] *Sacks v. Dietrich*, 663 F.3d 1065, 1069 (9th Cir. 2011) (citation omitted). But Hopper's false advertising claim is predicated on AAA's descriptions of its arbitrators disseminated through its website and direct mail. Commercial advertisement, designed to sway individuals to choose AAA over its competitors—as Hopper alleges occurred here—is distinct and distant from the decisional act of an arbitrator. Therefore, adjudication of claims, like false advertising, that arise

---

[1] At oral argument, Hopper stated that he was appealing only the dismissal of his false advertising cause of action.

[2] On remand, the district court may limit Hopper's recovery to restitution to preclude intrusion into the arbitrators' decisional acts, which are protected by arbitral immunity.

[3] Hopper does not dispute that arbitral immunity applies to entities, such as AAA, that facilitate arbitration.

before a formal arbitration relationship between parties to arbitration, arbitrators, and arbitration companies like AAA will not lead to "undue influence" over the arbitration process, nor will it expose arbitrators' decisions to "reprisals by dissatisfied litigants." *Id.*

**REVERSED; REMANDED FOR FURTHER PROCEEDINGS.**