NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL VIRIYAPANTHU, | No. 18-56527 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-02266-JVS-JDE |
| v. | |
| STATE BAR OF CALIFORNIA; STATE OF CALIFORNIA; KENNETH E. BACON; JOHN NELSON; RICHARD GREEN; ORANGE COUNTY BAR ASSOCIATION, | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| PAUL VIRIYAPANTHU, | No. 19-55482 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-02266-JVS-JDE |
| v. | |
| STATE BAR OF CALIFORNIA; STATE OF CALIFORNIA; ORANGE COUNTY BAR ASSOCIATION; KENNETH E. BACON; JOHN NELSON; RICHARD GREEN, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

James V. Selna, District Judge, Presiding

Submitted July 21, 2020[**]

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

The Orange County Bar Association ruled against Paul Viriyapanthu in a fee arbitration, requiring him to pay $4,313.00 to a former client. Viriyapanthu refused to pay and so the State Bar of California suspended his license. He then initiated this lawsuit in which he seeks $6,000,000.00 in compensatory damages for discrimination in violation of the Americans with Disabilities Act and the Fourteenth Amendment, discrimination in violation of 42 U.S.C. § 1981, and a conspiracy in violation of the Sherman and Clayton Acts. He appeals from the dismissal of the entire case. The facts are known to the parties and we do not repeat them here.

I

The district court properly dismissed Viriyapanthu's damages claims made under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. The State of California, State Bar of California, and Kenneth Bacon (in his official capacity) are each entitled to sovereign immunity. *Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995). Viriyapanthu's theory of a Fourteenth

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment violation does not justify the abrogation of such immunity. The conduct allegedly in violation of the Fourteenth Amendment (racial discrimination and bias) is not made actionable by Title II, which only prohibits discrimination "by reason of [a] disability." 42 U.S.C. § 12132; *see United States v. Georgia*, 546 U.S. 151, 159 (2006) (recognizing Title II's abrogation of state sovereign immunity when the same conduct violates both Title II and the Fourteenth Amendment).

The district court appropriately exercised its discretion in denying Viriyapanthu's ex parte application for reconsideration of denial of leave to amend to state a claim under § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Such an amendment would be futile because § 504 proscribes discrimination "solely by reason of [a qualified individual's] disability" and Viriyapanthu was alleging racial discrimination and a failure to accommodate his financial position. *Id.*

II

The district court correctly dismissed Viriyapanthu's § 1981 claim against the Orange County Bar Association. The OCBA is entitled to immunity for decisional acts taken within its jurisdiction. *Sacks v. Dietrich*, 663 F.3d 1065, 1069–70 (9th Cir. 2011). It is therefore immune from liability for its fee award and for its alleged non-enforcement of its own disclosure rules. Viriyapanthu's assertion that the OCBA discriminated against him in judicial nominations was not raised before the district court and is therefore waived. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042

3

(9th Cir. 1985).

III

The district court correctly dismissed Viriyapanthu's claim that John Nelson and Richard Green conspired in restraint of trade in violation of the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. § 15. The substance of his claim is fraudulent conduct. However, Viriyapanthu's "averments of fraud" failed to meet Fed. R. Civ. P. 9(b)'s particularity requirement. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003). All that remains are conclusory accusations of conspiracy, which fail to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).

The denial of leave to amend was an appropriate exercise of discretion because it was done at Viriyapanthu's request. *See Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 977 (9th Cir. 2008).

IV

Because we affirm all of the district court's rulings, Viriyapanthu's request for reassignment to a different district judge upon remand is moot.[1]

---

[1] Viriyapanthu's Amended Motion to Take Judicial Notice, ECF No. 75 (Dkt. No. 18-56827), ECF No. 34 (Dkt. No. 19-55482), is GRANTED with respect to documents 2, 5, and 7 and DENIED with respect to documents 1, 3, 4, and 6. Viriyapanthu's Supplemental Motion to Take Judicial Notice, ECF No. 120 (Dkt. No. 18-56827), ECF No. 79 (Dkt. No. 19-55482), is GRANTED with respect to documents 9 and 12 and DENIED with respect to documents 8, 10, and 11. *See* Fed. R. Evid. 201(b), 902(5). Viriyapanthu's Motion to Take Judicial Notice, ECF No.

4

**AFFIRMED.**

---

57 (Dkt. No. 18-56827), ECF No. 15 (Dkt. No. 19-55482), is DENIED as moot. Viriyapanthu's Motion to Take Judicial Notice, ECF No. 62 (Dkt. No. 18-56827), ECF No. 21 (Dkt. No. 19-55482), is DENIED as moot.

The State Bar's Motion to Take Judicial Notice, ECF No. 100 (Dkt. No. 18-56827), ECF No. 59 (Dkt. No. 19-55482), is GRANTED.