**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2852
_____

REGINALD BROOME;
CHRIS SALSMAN,
                              Appellants

v.

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS;
CONTINENTAL AMERICAN INSURANCE COMPANY

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-19-cv-1967)
District Judge: Honorable Maryellen Noreika
_____

Submitted on July 15, 2021
_____

Before:  McKEE, GREENAWAY, JR., and RESTREPO, *Circuit Judges*.

(Filed: November 17, 2021)

_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Appellants brought this action against appellees, American Family Life Assurance Company of Columbus ("Aflac") and Continental American Insurance Company ("Continental"), seeking an Order vacating an arbitration award in favor of appellees ("Award"). On appeal, appellants challenge the District Court's Order granting appellees' motion to dismiss the Complaint. Because we agree with the District Court that appellants failed to comply with requirements of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, with respect to service of process on appellees, we affirm.

**I.**

Appellants, two former independent contractor insurance agents, contracted with Aflac and Continental to sell insurance products. These contracts ("Associate's Agreements" or "Agreements") required any dispute between the parties to be submitted for binding arbitration, and that any arbitration proceeding between the parties "be covered by, and conducted pursuant to, the FAA." App. 40, 58. Pursuant to the Agreements, the arbitrators' award "shall be binding and conclusive upon all parties hereto subject only to grounds permitted under the FAA for vacating, correcting, or modifying an award." App. 41, 58. Thus, the arbitration proceeding between the parties as well as the right to seek to vacate the arbitrators' Award are governed by the FAA.

Accordingly, after a dispute arose between the parties, they participated in an arbitration proceeding. At the commencement of the proceeding, all parties and the arbitrators executed an Amended Scheduling Order providing, "The parties agree that this arbitration proceeding shall be conducted in accordance with the [FAA], the Arbitration Agreement contained in Paragraph Ten of [Appellants'] Associate's Agreements and this

2

Amended Scheduling Order." ECF (D. Del.) No. 6, Ex. D ¶ 4. After the arbitration hearing, the arbitrators issued an Award on June 14, 2019, finding in favor of Aflac and Continental and dismissing appellants' claims.

Appellants filed their Complaint in the Delaware Court of Chancery on September 12, 2019 seeking to vacate the Award of the arbitrators. Appellants served the Summons and Complaint on the Delaware Insurance Commissioner on September 19, 2019.[1] Aflac and Continental were thereafter served with process through the Delaware Insurance Commissioner on September 27, 2019, three-and-a-half months after the Award was issued.[2] Appellees thereafter removed the action to the District Court based on diversity of citizenship. Aflac and Continental subsequently filed a Motion to Dismiss the Complaint, which the District Court granted on August 12, 2020.

## II.[3]

The District Court granted appellees' motion to dismiss on two independent grounds: (1) appellants failed to serve process on Aflac and Continental within the 3-

---

[1] As the District Court pointed out, under Delaware law, nonresident insurers operating in Delaware, such as appellees, are subject to the Delaware Insurance Code, including its procedures for service of process in a legal proceeding, and "[u]nder Delaware law, Defendants can only properly be served with legal process via service upon the Delaware Insurance Commissioner, which will then mail the process to Defendants' registered agent in the state." App. 6 (citing 18 Del. C. §§ 524, 525).

[2] Under Delaware law, service upon a nonresident insurer is not complete until three days after the process is mailed by the department of insurance to the insurer. *See* 18 Del. C. § 525.

[3] The District Court had jurisdiction under 28 U.S.C. § 1332(a), and we have appellate jurisdiction under 28 U.S.C. § 1291. The parties agree that we review de novo the District Court's grant of the motion to dismiss.

month limitation period expressly set forth in the FAA, 9 U.S.C. § 12; and (2) appellants failed to serve Aflac and Continental with process by the Marshal, as also expressly required by the FAA, *id.*

As to the FAA's time limitation on service of process, the FAA provides, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." *Id.* Here, it is undisputed that appellants did not serve the Summons and Complaint on the Delaware Insurance Commissioner any earlier than September 19, 2019.[4] Since the Arbitrators issued an Award on June 14, 2019, even assuming arguendo that service of process was complete upon serving the Insurance Commissioner under these circumstances, process was not served within three months after the Award was filed or delivered, and the District Court properly dismissed the Complaint for failure to comply with the FAA.[5] *See Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007).

---

[4] Appellants argued in the District Court that "service was properly accomplished . . . on September 19, 2019." ECF (D. Del.) No. 10, at 17; App. 6; *see* Appellant's Br. 8 (acknowledging that process "for both [Aflac and Continental] was served on the Delaware Insurance Commissioner on September 19, 2019").

[5] The District Court pointed out that, under Delaware law, "it appears that Defendants were not deemed served" on September 19, 2019 "as Plaintiffs assert," since "[t]hat is the date on which the Complaint was served on the Commissioner," and under Delaware law, "service upon a nonresident insurer is not complete until three days after the process is mailed by the department of insurance to the insurer." App. 6, 7; *see supra* note 2. However, the Court correctly concluded, "in any event, even if the Court were to accept Plaintiffs' proffered September 19, 2019 service date, that date is still more than three months after the June 14, 2019 Award being challenged was issued." App. 7.

4

In addition to the time limitation of service, the FAA provides that where the adverse party is a nonresident of the district within which the award was made, then service "*shall*" be made "*by the marshal* of any district within which the adverse party may be found." 9 U.S.C. § 12 (emph. added). As the District Court noted, "it is undisputed that [appellees] are 'nonresidents' and that [appellants] did not serve either of [appellees] via the United States Marshals Service." App. 5. Thus, the District Court's dismissal of the Complaint was proper based on non-compliance with the FAA.[6]

Appellants spend a significant portion of their brief justifying why they initiated this action in the Delaware Court of Chancery, but in this case, Aflac and Continental do not dispute that the Delaware state courts had jurisdiction. It is clear, in any event, that the District Court had jurisdiction based on diversity of citizenship, and that appellees were well within their rights to remove this case to the District Court on that basis. *See* 28 U.S.C. §§ 1332(a), 1441(a). Further, to the extent appellants argue that they were in compliance with the Delaware Uniform Arbitration Act ("DUAA"), 10 Del. C. § 5701, as explained, under the Associate's Agreements, the arbitration proceeding between the parties as well as the right to seek to vacate the arbitrators' Award are governed by the

---

[6] Appellants argue that for them to have had the Marshals serve process, service "might have had to be accomplished in Nebraska, [Aflac's] state of incorporation, Georgia, its principal place of business, and for Continental . . . in South Carolina, where it has its principal place of business." Appellant's Br. 34. Thus, appellants do not argue they were somehow unable to serve Aflac and Continental by the Marshals in compliance with the FAA, only apparently that it "might have" been inconvenient.

FAA.[7]  Because of appellants' failure to comply with the FAA which governs this action, dismissal of the case was appropriate.

For the foregoing reasons, we affirm the Order of the District Court.

---

[7] Section 5702(a) of the DUAA provides that the making of an arbitration agreement *"specifically referencing the [DUAA] and the parties' desire to have it apply to their agreement* confers jurisdiction on the [Chancery] Court . . . to enter judgment on an award thereunder . . ."  10 Del. C. § 5702(a) (emph. added).  Absent such an express reference, "any application to the Court of Chancery . . . to vacate or enforce an arbitrator's award shall be decided by the Court of Chancery *in conformity with the [FAA], and such general principles of law and equity as are not inconsistent with that Act.*"  *Id.* § 5702(c) (emph. added).  Here, the Agreements expressly identified the FAA as governing.